UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| LONNIE RAY HOMER, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | § CRIMINAL ACTION NO. V-00-77 |
| | § |
| UNITED STATES OF AMERICA, | § CIVIL ACTION NO. V-03-95 |
| | § |
| Respondent. | § |

## MEMORANDUM & OPINION

Pending before the Court are Petitioner Lonnie Ray Homer's ("Homer") Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #91), Motion for Leave to Amend (Dkt. #90), and Supplemental Motion to Amend § 2255 Motion (Dkt. #89). Also pending before the Court is Respondent's Motion to Dismiss with Authorities (Dkt. #96). The Court disposes of the motions as outlined below.

### Factual and Procedural History

On October 26, 2000, a federal grand jury charged Homer with three counts of knowingly and intentionally distributing a mixture or substance containing cocaine base, also known as crack cocaine. In particular, count one charged Homer with distribution of more than 5 grams (approximately 10 grams) on or around August 11, 2000, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); count two charged Homer with distribution of less than 5 grams (approximately 4 grams) on or around August 15, 2000, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); count 3 charged Homer with distribution of more than 5 grams (approximately 20 grams) on or around August 18, 2000, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Homer was also indicted in count four with conspiracy to distribute more than fifty grams on or about January 1998 to June 2000, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

On November 7, 2000, Homer pleaded not guilty to all four counts. The case proceeded to trial beginning May 22, 2001, where he was represented by Keith S. Weiser ("Weiser"). Homer was convicted on each count alleged in the indictment on May 24, 2001, and the jury issued a special verdict form finding that the amount of crack cocaine was as alleged in the indictment. As a result, the Court sentenced Homer on September 4, 2001, remanding him to the custody of the Bureau of Prisons to serve concurrent 312-month terms of imprisonment on counts, one, three, and four, and a 240 month sentence on count two to run concurrently. The Court also imposed a 5 year term of supervised release on counts one, three, and four upon completion of the sentence, a 3 year term of supervised release on count two, a $5,000 fine on each count, all to run concurrently, and a $400 mandatory assessment.

Homer appealed the judgment of conviction and the sentence imposed. On May 13, 2002, the United States Court of Appeals for the Fifth Circuit issued an unpublished opinion, affirming the judgment of conviction. Homer did not seek a writ of certiorari from the United States Supreme Court. Accordingly, his judgment of conviction became final on August 13, 2002. Homer timely filed his Motion to Vacate Sentence Under 28 U.S.C. § 2255 on August 13, 2003.

### Claims and Allegations

The Court understands Homer to make the following claims and allegations:

(1) He was denied the right to effective assistance of counsel because his attorney failed to know the elements of the crime and failed to recognize the fact that the government failed to meet its burden of proving all of the elements of the offense;

(2) He was denied the right to effective assistance of counsel because his attorney failed to effectively advocate for a sentence on a lesser included offense;

(3) He was denied the right to effective assistance of counsel by virtue of his attorney's failure to advance a theory of "sentencing entrapment" in order to secure him a lower term of imprisonment;

(4) He was denied the right to effective assistance of counsel because of his attorney's failure to secure a correct application of the sentencing guidelines, which resulted in an excessive sentence;

2

(5) He was denied the right to effective assistance of counsel because his attorney failed to advance an objection to his prior convictions on the ground that they were secured in violation of his right to counsel; and

(6) He was denied his right to due process of law because facts that affected his sentence were not submitted to the jury and found beyond a reasonable doubt.

## Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## Analysis

### I. Homer's Motions to Amend

Homer has filed two motions to amend his § 2255 motion. The first motion to amend filed with the Court on August 23, 2003, partially entitled, Supplemental Motion to Amend § 2255 Motion (Dkt. #89), contains additional arguments to support Homer's Ground (4) regarding the Court's application of the sentencing guidelines and the failure of his attorney to object to the Presentence Investigation Report. His second motion to amend filed with the Court on July 26, 2004, entitled Motion for Leave to Amend (Dkt. #90), raises claims that are grounded on *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). Respondent has not filed a response to these motions. The Court is of the opinion that Homer's motions to amend

3

should be granted. The Court will address the arguments considered therein below.

**II.    Homer's § 2255 Motion**

Many of Homer's claims are couched as ineffective assistance claims. Such allegations presented in a § 2255 motion are properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Strickland*, 466 U.S. at 687. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."). The Court will address each of Homer's arguments in turn.

**A.    Ground (1)**

Homer's first argument is novel, yet specious. His claim of ineffective assistance of counsel is grounded on the proposition that the government failed to prove the nature and amount of the contraband involved in the offense because it relied upon a flawed stipulation. Homer argues that he did not stipulate that the substance "involved" in all counts was indeed crack cocaine. Rather, he argues that he only stipulated that "an expert chemist's testimony would be that the controlled buys were 'crack cocaine.' "[1] Homer asserts that he received ineffective assistance of counsel because, due to this

---

[1] Dkt. #91, at 3.

4

allegedly flawed stipulation, his attorney did not detect the fact that the government failed to satisfy its burden of proof with respect to all the elements of the offense.

The Court first notes that Homer's explanation of the nature of his stipulation points to a distinction without a difference. The fact that an expert chemist would attest to the fact that the controlled buys were for crack cocaine does not mean anything apart from a stipulation that the substance involved in the controlled buys were crack cocaine. Homer's assertion that the government failed to prove all the elements of the offense with which he was charged is both incredible and unsupported by the record. In its opinion affirming Homer's conviction, the Fifth Circuit acknowledged that his conviction rested upon the observations of a surveillance agent together with the contraband that was actually seized.[2] The Fifth Circuit also recognized that other precautions were taken to avoid any evidentiary taint.[3] The Fifth Circuit also noted that "[t]he evidence is ample to support [the] convictions."[4] An objection by Weiser that the government failed to prove up the nature of the contraband would be both frivolous and manifestly futile. Counsel is not required to make futile motions or objections. *Johnson v. Cockrell*, 306. F.3d 249, 255 (5th Cir. 2002) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)). Therefore, Homer cannot demonstrate that Weiser's performance was deficient for failing to object to the adequacy of the government's evidence.

**B.     Ground (2)**

Homer's next argument rests on a convoluted amalgam of various propositions of law. He argues that he was denied the right to effective assistance of counsel because his attorney failed to effectively advocate for a sentence on a lesser included offense. More specifically, Homer asserts that

---

[2] Dkt. #88, at 2.

[3] *Id.*

[4] *Id.*

the Court's failure to instruct the jury as to the amount of contraband involved in the conspiracy, as opposed to the amount of contraband involved in the substantive offense, deprived it of jurisdiction to impose a sentence grounded upon the larger amount of contraband. Homer argues that Article III and due process do not permit the Court to grant the government a conviction it did nothing to obtain. Homer asserts that he was denied effective assistance of counsel when his attorney failed to recognize the government's error.

With the exception of a general citation to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000) and to *United States v. Doggett*, 230 F.3d 160, 164-165 (5th Cir. 2000) for the proposition that drug quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt, Homer does not cite any law to support his argument that he was denied due process of law or the novel proposition that the Court lacked jurisdiction under Article III to convict him. The Court finds Homer's arguments to be frivolous. The Court had jurisdiction to convict Homer and he was convicted in accordance with due process. Moreover, as discussed above, the government produced more than ample evidence of Homer's guilt. Weiser's performance was not deficient for failing to object to the Court's jurisdiction or along due process grounds because he was not required to make futile motions or objections. *Johnson v. Cockrell*, 306. F.3d 249, 255 (5th Cir. 2002) (citing *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).

C.     **Ground (3)**

Homer also argues that he was denied the right to effective assistance of counsel because his attorney failed to advance the theory of "sentencing entrapment" in order to secure him a lower term of imprisonment. He asserts that the government had sufficient evidence to arrest him as of the first controlled buy but that it did not rest until it had enough evidence to ensure that he was sentenced for at least ten years and possible for life. The Fifth Circuit has described this theory as follows:

6

> This "trendy" argument appears to be in vogue currently; it has recently been proffered by numerous defendants around the country, being referred to variously by the courts as "sentencing entrapment" or "sentencing factor manipulation."

*United States v. Washington*, 44 F.3d 1271, 1279-1280 (5th Cir. 1995).

The Fifth Circuit has rejected a similar argument on appeal in which it upheld the district court's sentencing determination. *See United States v. Tremelling*, 43 F.3d 149 (5th Cir. 1995). The Fifth Circuit held that the defendant did not argue that he resisted purchasing an extra amount of contraband and that the government overcame his resistance through overbearing and outrageous conduct. 43 F.3d at 151 (citing *United States v. Cotts*, 14 F.3d 300, 306 n. 2 (7th Cir. 1994)). The Fifth Circuit wrote:

> The district court's finding that the government's conduct in bringing the additional marijuana was not suspicious is not clearly erroneous. However, even if it were suspicious, we are not disposed to find that the government's suspicious conduct by itself would constitute sentencing manipulation. Nor do we feel that the government's conduct in this case should be subject "to a special brand of scrutiny when its effect is felt in sentence, as opposed to offense, determination." *Cotts*, 14 F.3d at 306 n. 2. Indeed, "[i]f we are willing to accept the assumption apparently approved by Congress that dealing in greater quantities of drugs is a greater evil, it is not clear to us what the precise legal objection to governmental behavior based on cognizance of relative penal consequences in this area could be (so long as it does not rise to the level of true entrapment or conduct 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes [ ) ].' " *Id.* (quoting *United States v. Russell*, 411 U.S. 423, 431-32, 93 S. Ct. 1637, 1643 (1973)). The trial court did not err in using the 109.09 kilograms of marijuana as a basis for [defendant's] sentence.

*Id.*

Homer has not alleged that he resisted selling additional amounts of crack cocaine to Ed Homer, the cooperating individual who controlled the buys. Nor has Homer alleged any overbearing and outrageous conduct on the part of the government to overcome that resistance. Even had Homer resisted, the government's conduct in obtaining evidence against Homer was neither overbearing or outrageous. In a similar case dealing with sentencing entrapment/manipulation, the Eighth Circuit held on appeal that law enforcement "'must be given leeway to probe the depth and extent of a criminal

enterprise, to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy.'" *United States v. Baber*, 161 F.3d 531, 532 (8th Cir. 1998) (quoting *United States v. Calva*, 979 F.2d 119, 123 (8th Cir.1992)); (quoting *United States v. Barth*, 990 F.2d 422, 424 (8th Cir.1993)). The record is bereft of any evidence supporting a theory of entrapment. An attorney's performance cannot be deemed deficient if he failed to lodge futile objections. Therefore, Homer is not entitled to habeas relief under his arguments related to sentencing entrapment or sentence factor manipulation.

### D.     Ground (4)

Homer next argues that he was denied the right to effective assistance of counsel because his attorney failed to secure a correct application of the sentencing guidelines and this resulted in an excessive sentence. As pointed out by the Respondent, this section of Homer's Memorandum of Argument & Authorities in Support of Motion to Vacate is horribly garbled and confusing. The Court notes that Homer's sentence was based upon allegations charged in his indictment and proved before the jury. The Court also notes that Homer's attorney objected to the Presentence Investigation Report, though not on the grounds alleged by Homer. *See* Dkt. #68. Moreover, the Court did not misapply the sentencing guidelines and any objection along these lines would have been futile. Thus, Homer cannot demonstrate that his attorney's performance was deficient.

### E.     Ground (5)

Homer's next argument is that he was denied the right to effective assistance of counsel because his attorney failed to advance an objection to his prior convictions on the ground that they were secured in violation of his right to counsel. Though this allegation was made in his § 2255 motion, Homer completely failed to elaborate on this assertion in his Memorandum of Argument & Authorities in Support of Motion to Vacate. Homer does not allege any facts concerning his prior convictions; when, where, or how they were obtained; or the fact of any knowledge on the part of his attorney regarding

8

these facts. Mere conclusory allegations, such as these, are insufficient to raise a constitutional issue in a habeas case. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Homer has also failed to offer any explanation as to how he may have been prejudiced by his attorney's performance. Thus, Homer has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced thereby.

### F. Ground (6)

Finally, Homer argues that he was denied his right to due process of law because facts that affected his sentenced were not submitted to the jury and found beyond a reasonable doubt. Homer cites *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The holding in *Blakely* was extended to the federal sentencing guidelines in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Homer's claim is more properly brought under the analysis in *Booker* and will therefore be addressed as a *Booker* claim. *Booker* was decided on January 12, 2005. The Fifth Circuit, however, has recently held that *Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). Homer's case became final before the Supreme Court issued its decision in *Booker*.

To the extent Homer argues that his counsel was ineffective for failing to object on *Booker* grounds, this Court cannot say that his attorney was deficient for failing to predict the *Blakely* and *Booker* decisions and raise an argument based thereon. *See, e.g., Campbell v. United States*, 108 Fed. Appx. 1, *3 (1st Cir. 2004) (failure to anticipate *Blakely* would not constitute unreasonable performance under *Strickland*, particularly in light of well-established law in circuit that was to the contrary). Therefore, Homer is not entitled to relief on *Booker* grounds.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

9

proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Homer has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595. 1604 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84, 120 S. Ct. at 1604).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Homer's § 2255

10

motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 327, 123 S. Ct. at 1034 (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, Homer is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, the Court hereby DENIES Homer's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. #91). The Court GRANTS Homer's Motion for Leave to Amend (Dkt. #90) and Supplemental Motion to Amend § 2255 Motion (Dkt. #89). The Court also GRANTS Respondent's Motion to Dismiss with Authorities (Dkt. #96) and DENIES Homer a Certificate of Appealability.

It is so ORDERED.

**SIGNED** on this 14th day of September, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE